IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TAN NGUYEN, | § |
| | § |
| Plaintiff, | § PLAINTIFF'S COMPLAINT AND |
| | § DEMAND FOR JURY TRIAL |
| – vs – | § |
| | § |
| ALLIANT CAPITAL MANAGEMENT, LLC, | § |
| | § |
| Defendant. | § |

## COMPLAINT

NOW COMES Plaintiff, TAN NGUYEN ("Plaintiff"), through his attorneys, hereby alleges the following against Defendant, ALLIANT CAPITAL MANAGEMENT, LLC ("Defendant"):

### Nature of the Action

1. This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; and

2. The Texas Debt Collection Act ("TDCA"), Tex. Fin. Code § 392.001 et seq.

### Parties

3. Plaintiff is a natural person residing, in Dallas County, in the City of Grand Prairie, in the State of Texas and is otherwise *sui juris*.

4. Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692a(3).

5. Defendant is a New York limited liability company conducting business in the State of Texas and has its principal place of business in Amherst, New York.

6. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6), and sought to

collect a consumer debt from Plaintiff.

7. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

8. Defendant conducts business in Texas, therefore personal jurisdiction is established.

9. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy."

10. 28 U.S.C. § 1367 grants supplemental jurisdiction over the claims arising under the TDCA.

11. Venue is proper in the United States District Court Northern District of Texas pursuant to 28 U.S.C § 1391(b)(2) because Defendant has its principal place of business within this District and a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

## Factual Allegations

12. On or around July 21, 2020, Defendant placed a collection call to Plaintiff seeking and demanding payment for an alleged consumer debt.

13. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

14. Defendant called Plaintiff's telephone number at (817) XXX-0427.

15. On or around July 21, 2020, Defendant left a message on Plaintiff's voicemail.

16. In the voicemail message, Defendant failed to meaningfully disclose its identity as

a debt collector, the nature of the call, or state that the call was concerning a debt.

17. In the voicemail message, Defendant directed Plaintiff to call back telephone number (833) 464-0361 ext. 434, which is a number that belongs to Defendant.

18. Defendant is using false, deceptive and misleading means in connection with attempting to collect a debt by withholding the true purpose of its voicemail message and phone calls, that it is calling in an attempt to collect a debt, or that Defendant is a debt collector.

## FIRST CAUSE OF ACTION
## DEFENDANT VIOLATED THE FDCPA *15 U.S.C. § 1692 et seq.*

19. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-18.

20. Defendant's violations of the FDCPA include, but are not limited to, the following:

   a. Defendant violated §1692e of the FDCPA by any other false, deceptive, or misleading representation or means in connection with the debt collection; and

   b. Defendant violated §1692e(11) of the FDCPA by failing to disclose in its voicemail message that it is a debt collector.

## SECOND CAUSE OF ACTION
## DEFENDANT VIOLATED THE TFDCPA *§ 392.001 et seq.*

21. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-18.

22. Defendant's violations of the TDCA include, but are not limited to, the following:

   a. Defendant violated § 392.304(5)(b) of the TDCA by placing a telephone call and failing to disclose Defendant as a debt collector; and

   b. Defendant violated § 392.304(19) of the TDCA by any other false,

PLAINTIFF'S COMPLAINT

deceptive, or misleading representation or means in connection with the debt collection.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

### FIRST CAUSE OF ACTION

23. Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1692k;

24. Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and

25. Awarding such other and further relief as may be just, proper and equitable.

### SECOND CAUSE OF ACTION

26. Actual damages pursuant to Tex. Fin. Code § 392.403(2); and

27. Reasonable attorney's fees and costs pursuant to § 392.403(2)(b).

## **JURY TRIAL DEMAND**

28. Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: November 23, 2020

/s/ Adam T. Hill
Adam T. Hill
The Law Offices of Jeffrey Lohman, P.C.
28544 Old Town Front Street, Suite 201
Temecula, CA 92880
T: (657) 236-92590
F: (602) 857-8207
AdamH@jlohman.com

*Attorney for Plaintiff, Tan Nguyen*